# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DAVID S. HICKS**, | ) |
| Petitioner, | ) Case No. 1:06CV70599 |
| v. | ) **OPINION** |
| **UNITED STATES ATTORNEY'S OFFICE, ET AL.**, | ) By: James P. Jones<br>) Chief United States District Judge |
| Respondents. | ) |

*William H. Cleaveland, Roanoke, Virginia, for Petitioner; William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Respondents.*

In this action seeking attorneys' fees and litigation expenses under the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (found as statutory note to 18 U.S.C.A. § 3006A (West 2000)), I find that the petitioner has not shown that the government's prosecution of him for perjury and obstruction of justice was vexatious, frivolous, or brought in bad faith, and thus deny relief.

I

On January 31, 2002, Tina G. Stiltner, a Buchanan County, Virginia, homemaker, was arrested by a deputy sheriff after she showed evidence of intoxication while dropping her children off at school. She was taken to the local

county jail and placed in a holding cell. Some hours later, the two jailers on duty, David Hicks and David McClanahan, discovered that she was unconscious. After unsuccessful efforts to revive her at the jail, she was transported to a local hospital and pronounced dead. An autopsy showed that while she had a non-toxic level of butalbital (a prescription headache remedy) in her system, her death was caused by "ligature compression of her neck . . . consistent with either death from self-hanging or death at the hands of another from strangulation." (Report of Autopsy.) A security camera video taken in the jail shows the jailers' control room prior to and following the discovery of Ms. Stiltner's body, but it does not show her holding cell.

A civil wrongful death lawsuit was thereafter filed by Ms. Stiltner's estate in this court against the two jailers, as well as the sheriff and a jail nurse. While a two-inch piece of cord, which may have been part of a drawstring from Ms. Stiltner's jacket, was found in the cell, no possible ligature was ever uncovered. In a deposition taken in that case, Hicks testified that when he had entered the jail cell immediately after Ms. Stiltner had been discovered unconscious, he had observed no marks on her neck or rope or other means by which she died. He testified that he simply had no explanation for Ms. Stiltner's death.

Following discovery in the civil case, summary judgment was entered in favor of the defendants. After reviewing the evidence, I found that while Ms. Stiltner's

- 2 -

Case 1:06-cv-70599-JPJ   Document 18   Filed 05/24/07   Page 2 of 6   Pageid#: 161

death was puzzling to say the least, the plaintiff had not been able to meet the burden to prove that her death was attributable to any of the defendants. *Stiltner v. Crouse*, 327 F. Supp. 2d 667, 671-72 (W.D. Va. 2004).

The United States attorney's office then began an investigation and Hicks and others were called before the grand jury. Hicks testified generally as he had in his civil deposition. On January 18, 2006, Hicks was indicted and charged with two counts of obstruction of justice and five counts of perjury. *See* 18 U.S.C.A. §§ 1512(c)(2), 1623 (West 2000 & Supp. 2007). The government contended that in light of the physical evidence, Hicks had lied about not knowing the cause of and circumstances surrounding Ms. Stiltner's death. While the government did not claim that Hicks had directly caused Ms. Stiltner's death, its theory of the case was that he covered up the circumstances of her death out of fear that he might be charged with neglect in permitting it to happen. After a three-day trial, a jury acquitted Hicks of all charges.

Following the acquittal, Hicks filed the present request for attorneys' fees and litigation expenses. A hearing has been held and the petition is ripe for decision.[1]

---

[1] The parties agreed that the court could determine the petition based on the records of the civil and criminal cases, along with the grand jury testimony of David McClanahan.

- 3 -

Case 1:06-cv-70599-JPJ   Document 18   Filed 05/24/07   Page 3 of 6   Pageid#: 162

II

In an action for expenses under the Hyde Amendment, the burden of proof to show that the position of the United States in a criminal case was vexatious, frivolous, or in bad faith is on the petitioner, rather than on the government to show otherwise. *United States v. Holland*, 214 F.3d 523, 526 n.6 (4th Cir. 2000). As used in the Hyde Amendment, "[V]exatious means without reasonable or probable cause or excuse." *United States v. Bunn (In re 1997 Grand Jury)*, 215 F.3d 430, 436 (4th Cir. 2000) (internal quotation omitted). Frivolous in this context means "groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." *Id.* Bad faith "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." *Id.* The Hyde Amendment requires proof of more than that the government's case was "not substantially justified" or that the government's investigation was negligent or sloppy. *See United States v. Truesdale*, 211 F.3d 898, 908-09 (5th Cir. 2000).

The government does not dispute that Hicks was the prevailing party in the criminal prosecution or that he otherwise meets the technical requirements of the Hyde Amendment.[2]

Based on my careful review of all of the evidence, I find that Hicks has not met his burden of proof.

Hicks contends that the government was motivated by bad faith in prosecuting him. He argues that the government had obtained Hicks' indictment in an effort to "squeeze" him to disclose the true cause of Ms. Stiltner's death. As evidence of this motivation, Hicks asserts that he was the only grand jury witness who was not shown the jail video prior to his testimony. Hicks also claims that the government failed to adequately investigate the case, relying instead on the evidence produced in the civil case. For example, Hicks argues that the government never sought to obtain another jacket similar to Ms. Stiltner's, in order to see if she could have accidently hung herself by catching the bottom of her coat on a doorknob.

---

[2] *See* 28 U.S.C.A. § 2412(d)(1)(D)(2)(B) (West 2006) (exempting individuals whose net worth exceeds $2,000,000). There is a question as to whether this net worth requirement necessarily applies to the Hyde Amendment. *See United States v. Holland*, 34 F. Supp. 2d 346, 357-58 (E.D. Va.), *reconsidered on other issue*, 48 F. Supp. 2d 571 (E.D. Va. 1999), *aff'd*, 214 F.3d 523 (4th Cir. 2000). In any event, the government does not dispute that Hicks is a qualified claimant.

I find none of these arguments convincing. Among other things, the testimony of the medical examiner, and his photographs of the highly-visible ligature marks on Ms. Stiltner's neck, justify the accusation that Hicks was not telling the truth when he claimed that he was ignorant of the cause of Ms. Stiltner's death. While under our American system of justice it was entirely up to the jury to determine Hicks' guilt or innocence, I find that the government's case against him was far from groundless. Hicks argues that he was singled out for prosecution, but it can be equally argued that the fact that he was the only member of the jail staff prosecuted shows that the government's case was careful and focused.

### III

For these reasons, the petition will be denied. A separate judgment will be entered forthwith.

DATED: May 24, 2007

/s/ JAMES P. JONES
Chief United States District Judge